UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL MOSS** | : | **CIVIL ACTION NO. 20-CV-01182** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Michael Moss ("Moss"). Doc. 7. The motion is opposed by Defendant, OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY ("Old American"). Doc. 9. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED**.

**I.**
**BACKGROUND**

Plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana against defendants Old American and Vincent Allen Prewitt ("Prewitt"). Doc. 1, att. 1. The state court petition alleges that Moss sustained severe, painful injuries as a result of an October 14, 2019, automobile accident, including injury to his neck, shoulders, back, and hip. Doc. 1, att. 1, p. 3, ¶ 6. Moss seeks general and special damages related to these alleged injuries, including medical treatment expenses, and damages for physical and mental pain and suffering, loss of physical capacities, loss of earning capacity, loss of enjoyment of life, and property-related

damages. *Id.* at ¶ 7. The petition alleges that the amount in controversy "does not exceed $74,999.99 excluding judicial interest and court costs." *Id.* at p. 4, ¶ 12.

Defendant Old American timely removed the case to this court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. The allegations of the state court petition establish diversity of citizenship: the plaintiff is a resident of Calcasieu Parish, Louisiana, and the defendants are both residents of Texas.[1] Doc. 1, att. 1, p. 1. Old American asserts that the amount in controversy exceeds $75,000 based on a settlement demand contained in pre-petition correspondence from the plaintiff. Doc. 1, p. 4, ¶ 13. That correspondence provided a detailed itemization of Moss's damages and concluded that those damages totaled $513,365.89. *Id.* and Doc. 1, att. 3, p. 15.

Moss timely filed a motion to remand that also included a request for sanctions, penalties, and attorneys' fees. Doc. 7. Moss does not challenge Old American's conclusion that the parties are of diverse citizenship, but instead he contends that this court lacks jurisdiction because the defendant cannot meet its burden of showing that the amount in controversy exceeds $75,000. Doc. 7, p. 2, ¶ 4. Specifically, Moss asserts that "it is facially apparent that plaintiff's petition does not meet the $75,000 threshold" because the petition alleges that the amount in controversy does not exceed $74,999.99. *Id.* The motion does not provide a legal basis for plaintiff's request for penalties and fees.

In response to the motion to remand, Old American argues that controlling precedent precludes remand. Doc. 9, pp. 3-8. Moss has not filed a reply memorandum in support of his motion to remand, and the time for doing so has passed.

---

[1] The petition alleges that individual defendant Vincent Allen Prewitt is a resident and domiciliary of the state of Texas. Doc. 1, att. 1, p. 1, ¶ 1. Old American is a non-Louisiana insurance company with its principal place of business in Dallas, Texas. *Id.*

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Where the state court petition is ambiguous as to the amount in controversy, the removing party must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995). The removing party "may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (quoting *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999)).

Here, there is no dispute that the parties are of diverse citizenship. With respect to the amount in controversy, we find the face of the petition ambiguous. The alleged damages stemming from injury to plaintiff's neck, shoulders, back, and hip, including damages for mental pain and suffering, disability, and loss of enjoyment of life, could exceed $75,000 (Doc. 1, att. 1, p. 3, ¶¶ 6-7). For example, the plaintiff's request for future medical expenses indicates that the injuries may

be serious enough to continue to require medical treatment. Additionally, plaintiff's request for past and future loss of earning capacity indicates that the alleged injuries were and may continue to be serious enough to prevent plaintiff from working. Finally, the allegations of damages to the mind indicate another category of ongoing suffering that could give rise to a substantial award. On the other hand, the plaintiff asserts that his damages will not exceed $74,999.99. *Id.* at p. 4, ¶ 12.

Finding the face of the state court petition ambiguous, we look to the removal petition, which attaches a pre-litigation settlement demand from claimant's counsel setting forth a detailed itemization of claimant's damages, including a "quantum survey concerning the amount of general damages to which my client is entitled," and concluding that, "Mr. Moss' total **MINIMUM** damages are $513,365.89[.]" Doc. 1, att. 3, pp. 1, 15 (emphasis original). A pre-litigation settlement demand such as this is competent evidence that the amount in controversy exceeds the jurisdictional threshold. *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970-71 (M.D. La. 1995); *Creppel v. Fred's Stores of Tenn., Inc.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013)(collecting cases).

Moss has made no argument that the damages analysis in his pre-litigation settlement demand was inflated or inaccurate, but he argues that the allegations of his petition are dispositive as to the amount in controversy because he alleges that his damages total no more than $74,999.99. Doc. 7, p. 2, ¶ 4. We disagree. Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE CIV. P. art. 893). A petition alleging damages below the jurisdictional amount is not dispositive of the amount in controversy precisely because the courts are not bound to limit damages to such amount. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.

1995).  "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *Id.* at 1411.  A plaintiff might meet this burden by filing a pre-removal binding stipulation or affidavit, affirmatively renouncing his right to accept a judgment in excess of $75,000. *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (per curiam).  As Old American has pointed out, Moss did not submit a pre-removal affidavit or stipulation in the record.  Doc. 9, p. 8.  Because Moss has not proven to a legal certainty that his claim will not exceed the jurisdictional amount, the court concludes that this claim satisfies the requisite amount in controversy under 28 U.S.C. § 1332.

### III.
### Conclusion

For the reasons stated, **IT IS RECOMMENDED** that the plaintiff's Motion to Remand and its incorporated and unsupported request for penalties and attorneys' fees [Doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 13th day of April, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE