UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL MOSS** | : | **CIVIL ACTION NO. 20-CV-01182** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Second Motion to Remand filed by plaintiff Michael Moss ("Moss"). Doc. 14. The motion is opposed by defendant Old American County Mutual Fire Insurance Company ("Old American"). Doc. 19. The time for filing a reply has passed without movant doing so. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that the motion to remand be **DENIED.**

**I.**
**B**ACKGROUND

This matter was previously the subject of a motion to remand [doc. 7], which this court denied. Docs. 10, 11. The question posed by both motions is whether this court may exercise jurisdiction over this matter despite plaintiff's attempts to limit damages to $74,999, below the jurisdictional threshold of $75,000 required to support diversity jurisdiction under 28 U.S.C. § 1332. In assessing the first motion to remand, the court reasoned that, although Moss's state-court petition averred damages totaling less than $74,999, his petition was ambiguous as to the amount in controversy because of the nature of his alleged injuries. *Id.* The court determined that the

amount in controversy exceeds the jurisdictional threshold of $75,000 after considering the nature of those allegations and attachments to the removal petition.[1] After determining that all other requirements for diversity jurisdiction under 28 U.S.C. § 1332 are met, the court determined that it has jurisdiction over this matter and denied the original motion to remand. *Id.* In doing so, we noted that

> A petition alleging damages below the jurisdictional amount is not dispositive of the amount in controversy precisely because the courts are not bound to limit damages to such amount. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). "[I]f a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *Id.* at 1411. A plaintiff might meet this burden **by filing a pre-removal binding stipulation or affidavit**, affirmatively renouncing his right to accept a judgment in excess of $75,000. *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (per curiam). As Old American has pointed out, Moss did not submit a pre-removal affidavit or stipulation in the record. Doc. 9, p. 8. Because Moss has not proven to a legal certainty that his claim will not exceed the jurisdictional amount, the court concludes that this claim satisfies the requisite amount in controversy under 28 U.S.C. § 1332.

*Id.* at 4-5 (emphasis added).

In his second motion to remand, Moss now submits a notarized document styled, "Irrevocable Stipulation and Renunciation of Right to Enforce Judgement and Claims." Doc. 14, att. 2. In this document, Moss purports to "expressly and irrevocably stipulate that the amount in controversy in the captioned matter does not exceed $75,000.00, inclusive of all general and special damages, but exclusive of legal interests and costs." *Id.* Moss also states that he

---

[1] Finding the face of the state court petition ambiguous, we looked to the removal petition, which attaches a pre-litigation settlement demand from claimant's counsel setting forth a detailed itemization of claimant's damages, including a "quantum survey concerning the amount of general damages to which my client is entitled," and concluding that, "Mr. Moss' total **MINIMUM** damages are $513,365.89[.]" Doc. 1, att. 3, pp. 1, 15 (emphasis original). A pre-litigation settlement demand such as this is competent evidence that the amount in controversy exceeds the jurisdictional threshold. *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970-71 (M.D. La. 1995); *Creppel v. Fred's Stores of Tenn., Inc.*, No. 13-734, 2013 WL 3490927, at *3 (E.D. La. July 10, 2013)(collecting cases).

"renounces any right to enforce any judgment in the captioned matter in an amount greater than $75,000, inclusive of all general and special damages, but exclusive of interest and costs." *Id.*

The question presented by the second motion to remand is whether the court is now required to remand this matter to state court because, as plaintiff suggests, the "case does not meet the $75,000 damages threshold to remove his case to Federal Court." Doc. 14, att. 1, ¶ 5. We find we are not so required insofar as a post-removal stipulation purporting to limit the amount in controversy cannot deprive the federal court of jurisdiction once jurisdiction has already attached. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S. Ct. 586, 592 (1938).

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.,* 114 S. Ct. 1673, 1675 (1994)). Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Where the state court petition is ambiguous as to the amount in controversy, the removing party must show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 970 (M.D. La. 1995). The removing party "may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by

affidavit—that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (quoting *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295 (5th Cir. 1999)).

Here, there is no dispute that the parties are of diverse citizenship.[2] With respect to the amount in controversy, we previously found that the amount in controversy exceeds $75,000 despite ambiguity of the petition. (Doc. 1, att. 1, p. 3, ¶¶ 6-7).

On the second motion to remand, Moss submits a stipulation purporting to limit the amount of damages to less than the jurisdictional threshold of $75,000. Doc. 14, att. 2. This submission does not alter the court's analysis. Where, "as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S. Ct. 586, 592 (1938). Courts in this circuit have denied similar second motions to remand, where plaintiff submitted similar evidence with the second motion. *Mitchell v. Amica Mut. Ins. Co.*, No. CV 14-2766, 2015 WL 9488457, at *6 (E.D. La. Dec. 30, 2015)("Such a post-removal stipulation does not establish to a legal certainty that the federal amount in controversy was not present at the time of removal, and thus cannot divest the Court of jurisdiction that has already vested."); *Carter v. Triple P Transportation, Inc.*, No. 6:13-CV-408, 2013 WL 12155257, at *2 (E.D. Tex. Dec. 17, 2013)(" Plaintiff's post-removal affidavit merely states that she will not seek more than $75,000. The post-removal affidavit does not show "to a legal certainty" that the damages sought cannot meet the jurisdictional requirement."); *Scott v. Haggerty*, No. CIV.A. 12-1882, 2013 WL 968226, at *1 (E.D. La. Mar. 12, 2013) ("Defendants argue that post-removal

---

[2] The plaintiff is a resident of Calcasieu Parish, Louisiana, and the defendants are both residents of Texas. The petition alleges that individual defendant Vincent Allen Prewitt is a resident and domiciliary of the state of Texas. Doc. 1, att. 1, p. 1, ¶ 1. Old American is a non-Louisiana insurance company with its principal place of business in Dallas, Texas. *Id.*

filings do not divest a federal district court of diversity jurisdiction. The case law is quite clear that Defendants' contention is correct.").

Any such stipulation should be made before removal. "Because Louisiana plaintiffs are not limited to recovery of the damages listed in their pleadings, a plaintiff must make a judicial confession by affirmatively waiving the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Griffin v. Georgia Gulf Lake Charles*, LLC, 562 F. Supp. 2d 775, 779 (W.D. La. 2008).

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the plaintiff's Second Motion to Remand [doc. 14] be **DENIED**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 29th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE