UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHAEL MOSS**                           **CASE NO.  2:20-CV-01182**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**OLD AMERICAN COUNTY MUTUAL**             **MAGISTRATE JUDGE KAY**
**FIRE INSURANCE CO ET AL**

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss Pursuant to Rule 4(M) and Rule 12(B)(5) and of the Federal Rules of Civil Procedure" (Doc. 20).  Defendants, Old American County Mutual Fire Insurance Company ("Old American") and Vincent Allen Prewitt maintain that Plaintiff's failure to timely serve Old American and Mr. Prewitt is grounds to dismiss the instant lawsuit.

## INTRODUCTION AND PROCEDURAL HISTORY

This lawsuit involves an accident which occurred on or about October 14, 2019, when the vehicle Mr. Prewitt was operating struck Plaintiff, Michael Moss's vehicle.[1] Defendant Old American is the liability insurer for Mr. Prewitt.[2]

Plaintiff, through counsel, filed the instant lawsuit in state court on August 18, 2020. Defendants filed a Notice of Removal on September 14, 2020.[3] On October 7, 2020, Plaintiff filed his first Motion to Remand.[4]

---

[1] Doc. 1-1, ¶ 3.
[2] *Id.* ¶ 8.
[3] Doc. 1.
[4] Doc. 7.

A Report and Recommendation was issued on April 14, 2021 after which the Court adopted the Report and denied the Motion to Remand on May 3, 2021.[5] On August 23, 2021, the Clerk issued a Notice of Intent to dismiss the case for failure to effect service within 90 days.[6] On September 3, 2021, Plaintiff filed a Motion for Extension to Time to effect service which was referred to the Magistrate Judge.[7] On that same day, Plaintiff filed his second Motion to Remand. On September 9, 2021, the Magistrate Judge granted Plaintiff's Motion for Extension of Time to effect service and granted Plaintiff until October 1, 2021.[8] Defendant, Mr. Prewitt was served on September 28, 2021, and Old American was served on September 29, 2021.[9] On September 23, 2021, Defendants filed the instant Motion to Dismiss.[10]

## LAW AND ANALYSIS

Old American moves to dismiss the instant lawsuit because Plaintiff failed to timely serve Defendants "withing 90 days after the complaint [was] filed" pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5). Old American remarks that Plaintiff waited one year to serve Defendants. Old American argues that Plaintiff cannot show good cause for his failure to serve Defendants, which is prejudicial and constitutes bad faith.

Plaintiff argues that the Magistrate Judge's Order, which granted the Motion for Extension of Time to effect service, indicates that good cause has been shown for Plaintiff's

---

[5] Docs. 10 and 11.
[6] Doc. 12.
[7] Doc. 13.
[8] Electronic Order 17.
[9] Docs. 22 and 23.
[10] Doc. 20. On June 29, 2022, the Magistrate Judge issued a second Report and Recommendation as to Plaintiff's Motion to Remand. The Court has adopted the Report and again denied Plaintiff's Motion to Remand.

untimely service. Plaintiff remarks that in his Memorandum In Support of the motion, Plaintiff informed the Magistrate Judge that after Hurricane Laura struck in August 2020, and then Delta in October 2020, Plaintiff's counsel's law firm was without telephone service and other electronic services for approximately five (5) months.[11] In addition, after suit was filed, the 14th Judicial District Court sent a certified true copy of the lawsuit to be served via the Louisiana Long Arm service, which was received when the law office was closed due to Hurricane Laura.[12]

Shortly thereafter, Defendants removed the case to this Court. Plaintiff's counsel remarks that there was no need to serve Defendants at the state court. Plaintiff cites no authority to support this statement. Plaintiff then filed the first Motion to Remand and did not serve Defendant. Plaintiff opines that if he served Defendant while the Motion was pending, that would to be a judicial admission that he accepted jurisdiction in the federal court. Plaintiff cites no authority to support this argument.

Defendant notes that after the Magistrate Judge issued the first Report and Recommendation, Plaintiff filed no objections, did not file an appeal and did not attempt service.

Rule 4(m) of the Federal Rules of Civil Procedure requires service to be performed within 90 days of filing:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

---

[11] Doc. 13, ¶ IV.
[12] *Id.*

shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

"In removed cases, the Rule 4(m) 90-day period starts to run upon removal to the federal district court, not the date the action was originated in state court." *Lantz v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 662989, at *4 (M.D. La. Feb. 17, 2017). *See also Cormier v. Singh,* 2020 WL 6052577, at *2 (M.D. La. Mar. 31, 2020), *report and recommendation adopted in part, rejected in part,* 2020 WL 3958499 (M.D. La. July 13, 2020) ("Federal Rule of Civil Procedure 4(m) provides that service must be made within 90 days of the filing of the Complaint; however, when a case is removed from state court, the time begins to run on the date of removal.").

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes the court to dismiss a civil action when service of process is inadequate or "insufficient". This Court must determine whether the summons itself is sufficient and whether service of that summons was properly made." *Francis v. Dupree*, 2011 WL 3818955, at *2 (E.D. La. July 29, 2011). The plaintiff has the burden of proving good cause for the failure to effect timely service. *See, e.g., sys. Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). "Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *See Id.* (internal brackets and quotations omitted) (*quoting Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985)).

The Fifth Circuit stated in *Veazey v. Young's Yacht Sale & Serv., Inc.*, that:

> [t]o permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated, and the statute of limitations no longer protect defendants from stale claims. Rule 4(m) must have some teeth if it is to avoid becoming a last-ditch federal tolling mechanism for dilatory state tort claimants.

*Id.* at 476–77.

The date of removal was September 4, 2020. The clerk issued its Notice of Intent to Dismiss on August 23, 2021, approximately 11 months from the date of removal which prompted Plaintiff to file the Motion for Extension of Time to effect service. Other than Plaintiff's five (5) month period when Plaintiff's counsel alleges the law firm had no internet or phone connection due to the August 2020 Hurricane, Plaintiff has no justifiable excuse for not perfecting service on Defendants. Plaintiff did not attempt to serve Defendants until after the Clerk issued the above-mentioned Notice in August 2021. Even though Plaintiff's counsel claims that Hurricane Laura was to blame for not perfecting service, the Court observes from the record that counsel was able to electronically file the Motion to Remand[13] on October 7, 2020, during the time period Plaintiff alleges he had no internet or phone service. From October 7, 2020, through September 3, 2021, Plaintiff made no effort to prosecute the case and/or serve the Defendant. Considering that the incident occurred in October 2019, and that over a year has passed since removal of the lawsuit with no

---

[13] See electronic filing by Steve Sikich at 9:29 AM CDT.Doc. 7.

progress, the Court finds that Plaintiffs' dilatory conduct has caused substantial prejudice to Defendants. Furthermore, Plaintiff has not met his burden of proof to show good cause existed for failing to serve Defendant.

## CONCLUSION

For the reasons set forth herein the Court will grant Defendants' Motion to Dismiss Pursuant to Rule 4(M) and Rule 12(B)(5) and of the Federal Rules of Civil Procedure (Doc. 20) and dismiss the instant lawsuit without prejudice.

**THUS DONE AND SIGNED** in Chambers this 21st day of July, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**